In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 23-3115

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROLANDO JOEL DE LEON DE PAZ, also known as Gilberto De Leon-Lopez,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 23-cr-24-wmc — **William M. Conley**, *Judge.*

_____

SUBMITTED MAY 22, 2025[*] — DECIDED JUNE 20, 2025

_____

Before EASTERBROOK, ST. EVE, and KIRSCH, *Circuit Judges.*

ST. EVE, *Circuit Judge.* Rolando Joel De Leon De Paz ("De Leon") pleaded guilty to illegally reentering the United States

_____

[*] We granted De Leon's unopposed motion to waive oral argument, and the appeal is therefore submitted on the briefs and the record. Fed. R. App. P. 34(a)(2)(C).

in violation of 8 U.S.C. § 1326. The district court imposed an above-Guidelines sentence of 48 months' imprisonment, which De Leon now challenges as substantively unreasonable. Because the district court acted well within its discretion in imposing De Leon's sentence, we affirm.

## I.

De Leon has been removed from the United States on five prior occasions. His first removal in 2002 followed his conviction for the sale and delivery of methamphetamine in Florida. He was removed again in 2008, 2013, 2016, and 2022. De Leon's last three removals followed separate convictions and sentences served for illegally reentering the United States in violation of 8 U.S.C. § 1326. An increased sentence accompanied each conviction: 12 months and 1 day for his first, 24 months for his second, and 36 months for his third. The sentencing judge for De Leon's third illegal reentry conviction, who also sentenced De Leon for the current offense, warned him that he would likely face a harsher sentence should he unlawfully reenter the United States again.

De Leon did not heed this warning. He reentered the United States within a few months of his latest removal and law enforcement arrested him on outstanding warrants in Rock County, Wisconsin in January 2023. He then came to the attention of immigration officials and received his fourth indictment for illegally reentering the United States in violation of § 1326. After the district court denied his motion to dismiss the indictment on the ground that § 1326 violates the Fifth Amendment's guarantee of equal protection, De Leon pleaded guilty.

The probation office calculated a sentencing Guidelines range of 21 to 27 months' imprisonment. The range accounted for a four-point increase in De Leon's offense level because he had a previous conviction for illegal reentry. U.S.S.G. § 2L1.2(b)(1)(A). His criminal history score also factored in his prior sentences. *See* U.S.S.G. § 4A1.1. Recognizing that his prior 36-month sentence for the same crime "cast a long shadow over the case," De Leon requested an above-Guidelines sentence of 36 months. The government recommended a sentence of at least 36 months.

The district court imposed a 48-month sentence. It described "the biggest complicating issue" as De Leon facing "his fourth conviction in federal court for essentially the same conduct." De Leon continued to reenter the United States "[d]espite [receiving] escalating punishments" for each prior conviction and despite the court's admonishment that he would receive a higher sentence if he returned. The court expressed its need to "send as strong a message as" possible so De Leon would ask himself whether it is "worth … five to ten years of [his] life to return to this country again."

The district court also voiced concern with De Leon's struggle with alcohol, which had "result[ed] in more crime." For example, De Leon had two convictions for driving under the influence that led to two of his removals, and he possessed homemade alcohol while incarcerated for his third illegal reentry conviction. The court specified, however, that his alcoholism was not a main reason for his above-Guidelines sentence.

In its concluding statements, the court stated that "an upward variance seems appropriate in this case to provide incremental punishment and emphasize the seriousness of his

repeated violations of the law of the United States, especially by continuing to re-enter the country without permission despite graduat[ed] sentencing." The court suggested that, but for certain mitigating circumstances including an assault De Leon endured while in pretrial detention and the danger he may face upon his removal, it would have imposed an even higher sentence. The court ultimately viewed its sentence as "no[t] greater than necessary to," among other considerations, "hold [De Leon] accountable [and] protect the community."

## II.

De Leon argues that his 48-month sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 56 (2007). Under this deferential standard, "[w]e do not ask what sentence we would impose; we ask whether the district judge imposed a sentence for logical reasons that are consistent with the 18 U.S.C. § 3553(a) factors." *United States v. Campbell*, 37 F.4th 1345, 1352 (7th Cir. 2022).

When the district court imposes an above-Guidelines sentence, its justifications must be "sufficiently compelling to support the degree of variance." *United States v. White*, 126 F.4th 1315, 1323 (7th Cir. 2025) (quoting *United States v. Wood*, 31 F.4th 593, 600 (7th Cir. 2022)). But we do not presume that an above-Guidelines sentence is unreasonable. *Id.* So long as the court adequately justified its departure, "it may impose a sentence above the guidelines range it deems too lenient." *Id.* (citation modified).

The district court thoroughly justified its above-Guidelines sentence in light of the § 3553(a) factors. The court

identified the "biggest complicating factor" in sentencing as De Leon's lengthy history of reentering the United States. *See* § 3553(a)(1). Indeed, the current charge was "his fourth conviction in federal court for essentially the same conduct," an occurrence which the district court did not recall ever seeing before. It further focused on the need to deter De Leon from reentering the United States and impress upon him the "seriousness of his repeated violations." *See* § 3553(a)(2)(A)-(B). After recounting De Leon's prior sentences, the court emphasized that these "escalating punishments" did not deter him. It therefore sought to "send as strong a message as [it could]" so that De Leon would reconsider reentering the United States.

De Leon's prescribed Guidelines range did not fully capture his repeated reentries. He received a four-point increase in his offense level for having *a* conviction for illegal reentry, *see* U.S.S.G. § 2L1.2(b)(1)(A), and his criminal history score factored in the lengths of his prior sentences, *see* U.S.S.G. § 4A1.1, but these adjustments did not fully account for what the district court found most troubling: De Leon repeating the *same* offense *four* times despite increasing sentences. Nor did the Guidelines range reflect that De Leon ignored the district court's warning that he would face a harsher sentence should he reenter the United States after his 2022 removal.

The court thus reasonably concluded that the Guidelines range was "too lenient" to capture De Leon's repeated reentries and the failure of a prior 36-month sentence, accompanied with a stern warning, to deter De Leon. *See United States v. Vasquez-Abarca*, 946 F.3d 990, 994–95 (7th Cir. 2020) (affirming an above-Guidelines sentence for illegal reentry when a prior sentence for the same crime did not deter the

defendant); *United States v. Sanchez-Lopez*, 858 F.3d 1064, 1067 (7th Cir. 2017) (per curiam) (same). De Leon seemed to recognize as much when he requested a 36-month sentence and referred to a within-Guidelines sentence as a "non-starter."

None of De Leon's contrary arguments undermine our conclusion. He faults the district court for relying on his alcohol dependance, but his alcoholism did not play a major role in sentencing. In any event, courts may properly consider factors that result in more crime. *See* § 3553(a)(2)(C); *United States v. Moreland*, 703 F.3d 976, 988–89 (7th Cir. 2012) ("anything that increases the risk of recidivism argues for a longer sentence"). And the court's careful discussion of the § 3553(a) factors and De Leon's arguments in mitigation assures us that it imposed a sentence it deemed not greater than necessary, rather than rigidly adhering to a theory of incremental punishment. *See Sanchez-Lopez*, 858 F.3d at 1067–68. The district court therefore did not abuse its discretion in imposing De Leon's 48-month sentence.

### III.

De Leon also appealed the district court's denial of his motion to dismiss the indictment. As counsel concedes, our recent precedent forecloses his position that Congress's criminal prohibition on illegal reentry into the United States in 8 U.S.C. § 1326 violates the Fifth Amendment's guarantee of equal protection. *See United States v. Viveros-Chavez*, 114 F.4th 618, 630 (7th Cir. 2024), *cert. denied*, 145 S.Ct. 1097 (Jan. 13, 2025).

For these reasons, we affirm.